**JOSEPH M. VANLEUVEN, OSB #082418**
joevanleuven@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **BANNER BANK,** a Washington State chartered bank,<br><br>**PLAINTIFF**,<br><br>v.<br><br>**ALLEN J. RUSSELL, CAROL A. RUSSELL, RUSSELL CRANBERRY COMPANY,** an Oregon corporation, and **BANDON CRANBERRY COMPANY,** an Oregon limited liability company,<br><br>**DEFENDANTS**. | Case No. _____<br><br>**COMPLAINT**<br><br>**DECLARATION OF SUCCESSOR LIABILITY, APPOINTMENT OF A RECEIVER, SPECIFIC PERFORMANCE, CLAIM AND DELIVERY, INJUNCTION and MONEY JUDGMENT ON GUARANTY (28 U.S.C. §1332)** |

For its Complaint against Defendants, Plaintiff alleges as follows:

### THE PARTIES

1. Banner Bank ("Bank" or "Plaintiff") is a Washington State chartered bank, qualified to do business in the State of Oregon.

Page 1 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

2. Allen J. Russell and Carol A. Russell ("Borrowers") are individuals residing in Coos County, Oregon.

3. Russell Cranberry Company ("Russell") is an Oregon corporation owned by Borrowers, with its principal place of business in Coos County, Oregon.

4. Bandon Cranberry Company ("Bandon") is an Oregon limited liability company, also owned by Borrowers, with its principal place of business in Coos County, Oregon.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendants because Defendants are found and transact business in the State of Oregon. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Oregon, and because Defendants are subject to personal jurisdiction in Oregon.

## UNDERLYING FACTUAL ALLEGATIONS

7. This is an action to enforce defaulted commercial loans (the "Loans"). As described in more detail below, Borrowers own certain real property commonly known as 89358 Cranberry Lane, Bandon, Oregon 97411 (the "Farm"). At the time the Loans were made, Russell (which is wholly-owned by Borrowers) grew cranberries on the farm and sold them to a variety of customers. Bandon is Russell's successor-in-interest and has taken over the operation of the farm and/or sale of the cranberry crop.

8. Bank's predecessor-in-interest, Sterling Savings Bank ("Sterling"), loaned money to Borrowers to support operations on the Farm. The Loans were used to fund Russell's farming operations. Bank succeeded to the interest of Sterling under the Loans and is the owner and holder of the below-described Notes and other Loan Documents. The Loans are in payment default.

Page 2 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

9. The Loans were evidenced by various "Loan Documents," including promissory notes originally executed in 2009 and 2010. Attached as Exhibit 1 is a copy of the note dated 8/11/10 (the "2010 Note"). The 2009 notes were replaced by a single note dated 7/2/12, a copy of which is attached as Exhibit 2 (the "2012 Note"). The 2010 and 2012 Notes shall be referred to as the "Notes." The terms of the Notes are incorporated by reference.

10. Borrowers' obligations under the Loan Documents are secured by deeds of trust (the "Trust Deeds"), which encumber the Farm.

11. Russell guaranteed payment and performance of the Loan obligations of Borrowers to Bank pursuant to a Commercial Guaranty, a copy of which is attached as Exhibit 3 and incorporated by reference. Russell's obligations under the Commercial Guaranty are secured by a security interest in Defendants' crops, farm products, inventory, equipment, accounts and other personal property (the "Collateral") pursuant to two Agricultural Security Agreements (collectively, the "Security Agreement"), copies of which are attached as Exhibit 4 and 5 and incorporated by reference herein.

12. The terms of the Loans were modified by a Forbearance Agreement in July 2012, and further modified by a Loan Workout Agreement and Release ("Workout Agreement") dated as of 9/5/12, a copy of which is attached as Exhibit 6 and incorporated by reference.

13. The 2010 Note was last paid on 8/25/14, covering the 8/5/14 payment. Borrowers failed to make the payment due 9/5/14 or any payment thereafter. The 2012 Note was last paid on 1/27/14, covering the 1/25/14 payment. Borrowers failed to make the semi-annual payment of $25,613.40 due on 7/25/14 or any payment thereafter. As a result of Borrower's uncured defaults, after due notice, Banner Bank accelerated the balances due on the Notes, effective December 15, 2014. The principal balance now due on the 2010 Note is $191,871 and the principal balance now due on the 2012 Note is $551,973.

14. In February of 2012, without advising Sterling, Borrowers formed Bandon as part of a shell game to hinder, delay and defraud the Bank.. Borrowers are the sole owners of each

Page 3 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

company. They operate the companies from the same location. Bandon is simply a different shell under which Borrowers have continued some or all of Russell's business, selling to the same customers as Russell, from the same location, using the same facilities and equipment, with the same owners and employees. The companies use the same website, http://www.bandoncranberrycompany.com/Russell_Cranberry_Company.php.

15.     Borrowers filed personal bankruptcy in July 2012. Although Bandon had already been formed, they did not list "Bandon Cranberry Company" as a name under which they were doing business, nor did they list an interest in Bandon as an asset on their sworn bankruptcy schedules. They continued to keep Bandon's existence secret during negotiations with Sterling leading to the Workout Agreement. It was not until early October 2012, after the Workout Agreement had been signed and the bankruptcy case dismissed, that Sterling discovered Bandon's existence during routine due diligence. Sterling promptly filed financing statements in Bandon's name on the basis that Bandon, as a successor-in-interest, was obligated with Russell under the Guaranty and Agricultural Security Agreement. Sterling's lawyer promptly notified Russell's and Borrowers' lawyer, Rex Daines, by email, stating: "In order to protect its security interests, Sterling Savings Bank has filed both a UCC initial financing statement and an EFS-1, naming Bandon Cranberry Company LLC as debtor (along with the Russells). Information about the filings is attached. If you have any questions regarding this email or the actions taken by the bank please contact me at your convenience." Mr. Daines responded simply "Thank You."

16.     Thereafter, until the present defaults in 2014, Borrowers continued to pay the Notes with proceeds from the sale of cranberries grown on the farm, whether those sales were by Russell or Bandon. Defendants have never denied or disputed that Bandon is jointly obligated with Russell on the Guaranty for the amounts due on the Loans and for the obligations arising under the Agricultural Security Agreement.

17.     Bank has performed all of its obligations under the agreements documenting the Loans.

Page 4 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## FIRST CLAIM FOR RELIEF

## (AGAINST BANDON FOR DECLARATION OF SUCCESSOR LIABILITY)

18. Bank realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 above.

19. Bank is entitled to a judgment declaring that Bandon is liable for all of the debts and obligations of Russell to Bank, and that Bank's security interest attached to any and all Collateral owned by Bandon.

## SECOND CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS FOR APPOINTMENT OF A RECEIVER)

20. Bank realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 above.

21. By the terms of the Security Agreement and Oregon law, Bank is entitled as a matter of right to the appointment of a receiver for the Collateral, to protect and preserve the Collateral pending turnover to and foreclosure by the Bank, collect the accounts, sell any remaining inventory, recover all products and proceeds of the Collateral from bank accounts and otherwise, pay over all proceeds and collections to the Bank for application to the Loans, and coordinate with the Bank in recovering possession of the tangible Collateral.

## THIRD CLAIM FOR RELIEF

## (AGAINST RUSSELL AND BANDON FOR SPECIFIC PERFORMANCE)

22. Bank realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 above.

23. Pursuant to the terms of the Security Agreement and applicable law, Bank is entitled to possession of the Collateral. As provided in the Security Agreement, Russell and Bandon are required to assemble the Collateral and turn it over to Bank.

Page 5 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## FOURTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS FOR CLAIM AND DELIVERY)

24. Bank realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 and 23 above.

25. The Collateral is being wrongfully detained by defendants.

## FIFTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS FOR INJUNCTION)

26. Bank realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 and 23 above.

27. Defendants continue in possession of the Collateral. Due to the seasonality of cranberry sales, most of defendants' annual revenues are generated by sales in November and December. The sale proceeds collected by defendants, which are all Collateral securing the Loans, are cash that is easily secreted, spent or transferred. The Russells have already demonstrated their willingness to hinder and delay the Bank by secretly forming Bandon and concealing its existence on a sworn bankruptcy petition and schedules and during negotiations for the Workout Agreement. Bank will suffer irreparable injury for which no adequate remedy at law exists unless Defendants and other persons and firms having knowledge of this injunction are (a) enjoined from spending, transferring or secreting the cash proceeds of the Collateral; (b) ordered to advise Bank of the location of all Collateral and proceeds of Collateral; and (c) ordered to surrender the Collateral and all records pertaining thereto to Bank or the receiver, if one is appointed.

## SIXTH CLAIM FOR RELIEF

## (AGAINST RUSSELL AND BANDON FOR MONEY JUDGMENT ON GUARANTY)

28. Bank realleges and incorporates by reference the allegations contained in Paragraphs 1 through 17 and 23 above.

Page 6 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

29.     Russell and Bandon are jointly and severally liable to Bank for all amounts due on the Loans, together with Bank's attorney fees, expenses, costs and disbursements incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Bank prays:

1.      On its First Claim for Relief, for judgment declaring Bandon to be liable as a successor for all of Russell's obligations to Bank, and that Bank's security interest extends to any and all Collateral owned by Bandon.

2.      On its Second Claim for Relief, for appointment of a Receiver for the Collateral.

3.      On its Third Claim for Relief, for judgment directing Russell and Bandon to specifically perform their obligations under the Security Agreement to assemble the Collateral, and all bank account records and other documents pertaining to the Collateral, and turn over possession of same to Bank or the receiver, if one is appointed.

4.      On its Fourth Claim for Relief, for judgment (i) that Bank is entitled to immediate possession of the Collateral; and (ii) directing the U.S. Marshall or other appropriate officer to take and deliver possession of the Collateral to Bank or to the receiver, if one is appointed.

5.      On its Fifth Claim for Relief, for judgment that Defendants and other persons and firms having knowledge of the injunction be enjoined from spending, transferring or secreting any proceeds of the Collateral (except for payment to the Bank or receiver, if one is appointed), ordered to advise Bank and any receiver of the location of all Collateral and proceeds of Collateral, and ordered to surrender the Collateral and all records pertaining thereto to Bank or the receiver, if one is appointed.

6.      On Bank's Sixth Claim for Relief, for judgment against Bandon and Russell, jointly and severally, for the total of the following amounts, <u>for each Note</u> (since the interest rates on the Notes are different):

Page 7 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

      a.      The principal amount due on such Note;

      b.      Prejudgment interest on such principal sum at the default rate established in such Note from December 15, 2014, until the date judgment is entered;

      c.      One-half of Bank's reasonable attorney fees and expenses incurred in this action;

      d.      One-half of Bank's costs and disbursements incurred in this action; and

      e.      Post-judgment interest on the above sums from the date judgment is entered in this case until paid in full, at the default rates established in such Note.

7. That Bank be granted such other and further relief as this Court deems just and equitable.

DATED this 6th day of January, 2015.

      **DAVIS WRIGHT TREMAINE LLP**

      By /s/ Joseph M. VanLeuven
      **Joseph M. VanLeuven**
      OSB #824189
      Telephone: (503) 241-2300
      Facsimile: (503) 778-5299
      joevanleuven@dwt.com

      Attorneys for Plaintiff

Exhibit 1 – Promissory Note dated 8/11/10 (the "2010 Note")
Exhibit 2 – Replacement Promissory Note dated 7/2/12 (the "2012 Note")
Exhibit 3 – Commercial Guaranty
Exhibits 4 and 5 – Agricultural Security Agreements
Exhibit 6 – Loan Workout Agreement and Release

Page 8 - COMPLAINT

DWT 25486996v4 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax