IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BANNER BANK, a Washington                    No. 6:15-cv-29-AA
State chartered bank,                              O R D E R
      Plaintiff,

  vs.

ALLEN J. RUSSELL, CAROL A. RUSSELL,
RUSSELL CRANBERRY COMPANY, an Oregon
corporation, and BANDON
CRANBERRY COMPANY, an Oregon limited
liability company,

      Defendants.

AIKEN, Chief Judge:

    Plaintiff Banner Bank filed a Motion for a Temporary Restraining Order.  Defendants have not yet appeared.

PAGE 1 - ORDER

Briefly, plaintiff is the successor in interest to Sterling Bank, which made two loans to defendants secured by certain collateral including, among other items, crops, farm products, inventory, accounts, and equipment ("Collateral"). Plaintiff alleges that the loans are now in default and have been accelerated. The principal balance due on the 2009 Note is $551,973 and the principal balance due on the 2010 Note is $191,871, as well as interest and fees accruing on both Notes. Plaintiff alleges that to the best of its knowledge, defendants are in possession of the Collateral at their business address at 89358 Cranberry Lane (89358 Coastal Evergreen Lane), Bandon, Coos County, Oregon. Plaintiff's claim for provisional process is based upon a security interest, a copy of which is attached as an exhibit to the Complaint. Pursuant to the security agreement, plaintiff has an immediate right to possession of the Collateral due to defendants' alleged default.

Fed. R. Civ. P. 65 allows the court to issue a restraining order under the circumstances of this case. Pursuant to Rule 65(c), the court will require a security posting by plaintiff. Finally, the court hereby notifies the parties that will consider the appointment of a Receiver in this case. Appointment of a receiver is within the court's broad discretion. See <u>Securities and Exchange Comm'n v. Lincoln Thrift Ass'n</u>, 577 F.2d 600, 606 (9th Cir. 1978)("[I]t is a recognized principle of law that the

PAGE 2 - ORDER

district court has broad powers and wide discretion to determine the appropriate relief in an equity receivership."). Moreover, appointment of a receiver is an "extraordinary" remedy that should not be granted without consideration of the federal receivership factors. Canada Life Assurance Co. v. LaPeter, 563 F.3d 837, 844 (9th Cir. 2009). Those factors include (1) whether the party seeking the appointment has a valid claim; (2) whether there is fraudulent conduct or the probability of fraudulent conduct by the defendant; (3) whether the property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered; (4) whether legal remedies are inadequate; (5) whether the harm to plaintiff by denial of the appointment would outweigh injury to the party opposing appointment; (6) the plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and (7) whether plaintiff's interest sought to be protected will in fact by well-served by receivership. Id. Finally, the court is generally required to provide notice sufficient to allow the defendants an opportunity to present evidence on this issue. Solis v. Matheson, 563 F.3d 425, 438 (9th Cir. 2009). The plaintiff requests the appointment of a Receiver to do the following:

1. take possession and charge of the Collateral, and turn over any tangible Collateral such as equipment (with the exception of

inventory) to plaintiff;

2. protect and maintain the Collateral;

3. investigate the terms of contract for sale of the Collateral and defendants' claims that they "dumped" the bulk of the 2014 crop;

4. investigate defendants' bank accounts, books and records regarding the Collateral;

5. facilitate the sale of any remaining cranberries;

6. collect accounts receivable and pay all Collateral proceeds to plaintiff;

7. take control of any bank accounts containing proceeds of the Collateral;

8. take any other action authorized by the Court; and

9. provide monthly reports to all parties including the Court, plaintiff and defendants regarding the Receiver's activities.

Therefore, plaintiff's motion for a temporary restraining order is granted and defendants are restrained from selling (except for inventory sales in the ordinary course of business and transfers to the Bank), transferring, injuring, removing, encumbering or otherwise disposing of the Collateral granted by defendants Russell Cranberry Company and Bandon Cranberry Company for plaintiff's loans to defendants, including but not limited to equipment, inventory, crops, accounts, general intangibles, and proceeds thereof.  Pursuant to Fed. R. Civ. P. 65(c), plaintiff

is ordered to post a security bond in the amount of $25,000. Defendants have an opportunity to show cause why a preliminary injunction should not be ordered during the pendency of this case, as well as submit any opposition to the appointment of a Receiver as outlined above. The parties will adhere to the following schedule:

Motion for Preliminary Injunction/to Appoint a Receiver due January 26, 2015

Defendants' Response/Opposition due February 9, 2015

Plaintiff's Reply due February 23, 2015.

The court will schedule a hearing at that time.

Finally, the parties are strongly encouraged to contact the court's Courtroom Deputy to schedule a judicial settlement conference.

## CONCLUSION

Plaintiff's motion for temporary restraining order (doc. 3) is granted as stated above.

IT IS SO ORDERED.

Dated this 7th day of January 2015.

                                              Ann Aiken
                              United States District Judge