**JOSEPH M. VANLEUVEN, OSB** #824189
joevanleuven@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
Telephone: (503) 241-2300
Facsimile: (503) 778-5299

Attorneys for Plaintiff Banner Bank

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **BANNER BANK,** a Washington State chartered bank,<br><br>　　　　　　　**PLAINTIFF,**<br><br>　　v.<br><br>**ALLEN J. RUSSELL, CAROL A. RUSSELL, RUSSELL CRANBERRY COMPANY,** an Oregon corporation, and **BANDON CRANBERRY COMPANY,** an Oregon limited liability company,<br><br>　　　　　　　**DEFENDANTS.** | Case No. 6:15-cv-00029-AA<br><br>**STIPULATION AND ORDER APPOINTING RECEIVER** |

IT IS HEREBY STIPULATED between:

1. Plaintiff Banner Bank,

2. Defendants Allen J. Russell, Carol A. Russell, Russell Cranberry Company, and

   Bandon Cranberry Company, and

DWT 26021126v5 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

3. The "Third Party Growers" listed on Exhibit A (but only as to Findings of Fact 1, 2, 3, 13, 14, and 16, Conclusion of Law 4, and the Terms of Order Appointing Receiver forth below),

by and through their respective counsel of record, as follows:

## FINDINGS OF FACT

1. Allen J. Russell and Carol A. Russell ("Borrowers") own a cranberry farm located on Cranberry Lane, Bandon, Oregon 97411 (the "Farm").

2. Russell Cranberry Company ("Russell") is an Oregon corporation owned by Borrowers, with its principal place of business located on the Farm and through which they conduct farming operations, growing cranberries on the Farm.

3. Bandon Cranberry Company ("Bandon") is an Oregon limited liability company, also owned by Borrowers, with its principal place of business located on the Farm, and is engaged in wholesale cranberry sales.

4. Sterling Savings Bank ("Sterling"), predecessor-in-interest to Banner Bank ("Bank" or "Plaintiff"), loaned money to Borrowers to support operations on the Farm (the "Loans").

5. The Loans were evidenced by various "Loan Documents," including promissory notes originally executed in 2009 and 2010. The 2010 note is dated August 11, 2010 (the "2010 Note"). The 2009 notes were replaced by a single note dated July 2, 2012 (the "2012 Note"). Collectively, the 2010 Note and 2012 Note are referred to herein as the "Notes."

6. Bank succeeded to the interest of Sterling under the Loans and is the owner and holder of the Notes and other Loan Documents.

7. Borrowers' obligations under the Loan Documents are secured by deeds of trust which encumber the Farm.

8. Russell guaranteed payment and performance of the Loan obligations of Borrowers to Bank pursuant to a Commercial Guaranty dated July 30, 2009.

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

9.  Russell's obligations under the Commercial Guaranty are secured by a security interest in Defendants' crops, farm products, inventory, equipment, accounts and other personal property (the "Collateral") pursuant to two Agricultural Security Agreements dated July 30, 2009 and August 11, 2010.

10. The terms of the Loans were modified by a Forbearance Agreement in July 2012, and further modified by a Loan Workout Agreement and Release dated as of September 5, 2012.

11. Borrowers are in default under the Loan Documents for failure to make payments when due. The principal balance now due on the 2010 Note is $191,871 and the principal balance now due on the 2012 Note is $551,973.

12. Defendants have sold or transferred some of the equipment Collateral without Bank's knowledge or consent in order to pay operating costs of the Farm.

13. Bandon has been utilizing at least a portion of the remaining equipment Collateral in its business operations on the Farm, to clean and sort cranberries prior to sale.

14. Bandon is engaged in the wholesale sale of cranberries, including but not limited to cranberries supplied by Russell. Bandon is also engaged in the sale of cranberries supplied by other third-party cranberry growers, identified on Exhibit A hereto (the "Third-Party Growers"). Bandon, in turn, sells fresh cranberries through Deep Blue LLC and "sort-outs" to Northwest Packing.

15. All of the cranberries sold by Bandon, and the proceeds thereof, are part of the Collateral, including those supplied by the Third-Party Growers. However, Third-Party Growers who sold cranberries to or through Bandon may be entitled to payment for said berries prior to Banner Bank.

16. Bank is entitled to the appointment of a receiver to protect and preserve the Collateral.

17. The proposed receiver, the accounting firm of Hough, MacAdam, Wartnik, Fisher & Gorman, LLC, ("HMWF&G") is not presently interested in the above-captioned action or any other actions regarding the Collateral and is competent and qualified to act as the

Page 3 – STIPULATED ORDER APPOINTING RECEIVER

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

receiver of the Collateral. Shirley MacAdam, and Laura Fisher, both partners in HMWF&G, will have primary responsibility for the receivership.

## CONCLUSIONS OF LAW

1.    This Court has jurisdiction over the parties. Venue is proper in this Court because a substantial part of the events giving rise to these claims occurred in Oregon, and because Defendants are subject to personal jurisdiction in Oregon.

2.    Under the circumstances of this case, Bank is entitled to the appointment of a receiver to protect and preserve the Collateral.

3.    There is probable cause for sustaining the validity of the underlying claim. Bank's right to the Collateral is probable and Bank has the present right to repossess and foreclose upon the Collateral in accordance with the Uniform Commercial Code as adopted in Oregon.

4.    The appointment of a receiver is necessary to preserve and protect the Collateral and the proceeds and income therefrom.

## TERMS OF ORDER APPOINTING RECEIVER

1.    HMWF&G (the "Receiver") is appointed as receiver for the Collateral.

2.    The Receiver shall take charge of and preserve the Collateral, for the benefit of Bank and any Third Party Grower who may have an interest in cranberry inventory delivered to Bandon or proceeds thereof.

3.    The Receiver shall have reasonable access to the Farm during the Receivership, except that the Receiver shall have no right of access to Borrowers' residence, which is located on the Farm, except as they may allow.

4.    Promptly after entry of this order, Defendants shall make available to the Receiver originals or copies of (a) all past and present contracts, agreements and other records affecting the Collateral; (b) all insurance policies and records regarding the Collateral; (c) sales and accounts receivable records for the Collateral; and (d) all other records and documents reasonably necessary for the Receiver to assume control of the Collateral.

Page 4 – STIPULATED ORDER APPOINTING RECEIVER

DWT 26021126v5 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

5.      Defendants shall provide the Receiver with access to their business computers and the necessary keys, passwords, computer access codes and instruction, to enable the Receiver access to books and records stored on such computers, and shall otherwise cooperate with the Receiver in the discharge of its duties.

6.      The Receiver is further authorized, empowered, and directed to do the following:

   a.    cooperate with Bank in allowing Bank to repossess any equipment or other tangible Collateral (other than inventory) consistent with Bank's rights under the Loan Documents and applicable law; however, Receiver shall not, itself, be required to move such tangible Collateral or repossess it from any third party,

   b.    take reasonable steps to determine the location of the tangible Collateral,

   c.    investigate and determine who supplied Bandon with cranberries in 2014, in what amounts, on what terms, and any other relevant information about such transactions,

   d.    investigate who purchased cranberries from Russell and/or Bandon in 2014, in what amounts, on what terms, and any other relevant information about such transactions,

   e.    investigate the terms of contracts for sale or brokerage of the 2014 cranberry inventory to any buyer, broker or processor to determine the amount of all payments which have been received by Bandon, how much remains due and owing to Bandon, and how much is owed to Russell and the other cranberry growers who supplied cranberries to Bandon,

   f.    investigate whether any of Russell's cranberry inventory was sold to any party other than Bandon,

   g.    investigate Defendants' claims that the bulk of Russell's 2014 crop was unsaleable due to damage from elk,

Page 5 – STIPULATED ORDER APPOINTING RECEIVER

    h.      investigate Defendants' bank accounts, books and records regarding the Collateral and proceeds,

    i.      facilitate the sale of any of Defendant's remaining cranberries,

    j.      collect accounts receivable, including amounts owing to the Third-Party Growers who delivered cranberries to Bandon,

    k.      consult with counsel for Defendants, Bank and Third-Party Growers regarding the Receiver's conclusions as to who is owed how much from Bandon's and Russell's sale of the 2014 cranberry crop,

    l.      take control of any Collateral proceeds in Defendants' bank accounts,

    m.      investigate Defendants' transfer of equipment to third parties, and

    n.      take any other action authorized by the Court.

7. Within thirty (30) days of its appointment, the Receiver shall provide the Court and counsel for the Bank, the Defendants and the Third-Party Growers with a report of its activities setting forth its progress in respect to the matters in paragraphs 2, 4, 5 and 6 above and a brief discussion of any significant issues that could affect the ongoing collection/liquidation of the Collateral or its value.

8. The Receiver shall provide the Court, Bank, the Defendants and counsel for the Third-Party Growers with an additional report setting forth the items described in the preceding paragraph within ninety (90) days of the filing of the Receiver's first report, and thereafter shall file such additional reports as ordered by the Court pending a final report when the receivership is closed.

9. The Receiver shall maintain a client trust account (the "Account") in its name as Receiver at a federally insured bank. Upon receipt, all Collateral proceeds (including proceeds of accounts receivable) shall be deposited by the Receiver into the account. Until further order of the Court, the Receiver shall apply the proceeds in this account to the costs and expenses of maintaining, managing, and controlling the Collateral, including but not limited to costs

DWT 26021126v5 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

and expenses incurred by the Receiver in exercising its powers and authority set forth herein and to reserve for and pay the Receiver's reasonable compensation (subject to the procedural requirements below), and shall remit the balance as ordered by the Court.

10. The Receiver's fees shall be charged at $ 150-$200 per hour, depending upon personnel, and the Receiver shall keep records of its time spent with separate time entries for each discrete task and person performing that task. The Receiver shall file monthly fee statements with the Court and shall supply copies of its time records to counsel for the parties upon request. The Receiver may pay its bills on a monthly basis, but such payment is without prejudice to the right of any party to object to the reasonableness of such fees and to the Court's authority to review such fees and require disgorgement to the extent the Court finds the fees to be unreasonable.

11. If the Collateral proceeds provide insufficient revenue following appointment of the Receiver to pay the operating and liquidating expenses and charges of the Receiver, the Receiver may borrow money from Bank to enable the Receiver to pay such expenses and Bank may lend the amount in question to the receivership estate on the basis described below in this Order. Upon appointment of the Receiver, Bank shall make an initial loan in the amount of $5,050.00 (five-thousand and fifty dollars), to provide a $5,000 retainer for the Receiver to be paid immediately. The remaining $50.00 shall keep the account open until deposits are available from Collateral proceeds (including proceeds of accounts receivables) that the Receiver may collect on behalf of the Defendants.

12. Any funds borrowed by the Receiver from Bank shall be deemed to be borrowings by Defendants. The Receiver may, if requested by Bank, execute and issue in favor of Bank promissory notes or other instruments evidencing the indebtedness with respect to all sums borrowed by the Receivership Estate from Bank; however, such executed note(s) shall not be required to establish the Receivership Estate's liability for the amounts loaned hereunder. All sums advanced by Bank to the Receiver pursuant to this order, together with interest thereon

Page 7 – STIPULATED ORDER APPOINTING RECEIVER

DWT 26021126v5 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

as provided in the loan agreements, and shall be secured by Bank's lien and security interest in the Collateral and Bank's trust deed on the Farm, and otherwise shall constitute a lien against the Collateral.

13. Defendants waive any compensation for storage of the Collateral, and the Receiver may leave the Collateral on the Farm during the receivership without paying rent or other compensation.

14. The Receiver is not authorized to operate the Farm without further order of the court and shall not be liable for payment of Defendants' employees, contracts, expenses, taxes or obligations of any kind.

15. From and after the date of this Order, Defendants and their agents, employees, assigns and members are enjoined from selling, transferring off-premises, injuring, removing, encumbering or otherwise disposing of the Collateral or proceeds thereof.

16. Plaintiff shall not be required to post a bond or other security.

DATED February 19, 2015.        **DAVIS WRIGHT TREMAINE** LLP

By _____
**Joseph M. VanLeuven** - OSB #824189
Telephone: (503) 241-2300
Facsimile: (503) 778-5299
joevanleuven@dwt.com

Attorneys for Plaintiff

DATED February _20_, 2015.      **OLSEN DAINES PC**

By _____
**Rex K. Daines** - OSB #952442
Telephone: (503) 362-9393
Facsimile: (503) 362-1375
rdaines@olsendaines.com

Attorneys for Defendants

DWT 26021126v5 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DATED February 19, 2015.

**SUSSMAN SHANK LLP**

By _____

**Jeffrey C. Misley** - OSB #850674
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
jmisley@sussmanshank.com
Attorney for Third-Party Growers

---

### ORDER

Based upon the foregoing Stipulation and good cause appearing therefore,

**IT IS SO ORDERED.**

DATED 2/24 _____, 2015.

_____
Honorable Ann Aiken
United States District Court Judge

DWT 26021126v5 0058243-000252

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main    (503) 778-5299 fax